UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In Re<br>LAKE AT LAS VEGAS JOINT VENTURE, LLC, et al.,<br><br>              Debtors.<br>_____<br><br>LARRY LATTIG, in his capacity as trustee of the LLV CREDITOR TRUST created in accordance with the THIRD AMENDED CHAPTER 11 PLAN OF REORGANIZATION PROPOSED BY LAKE AT LAS VEGAS JOINT VENTURE, LLC AND LLV-1, LLC,<br><br>              Plaintiff,<br><br>    vs.<br><br>820 MANAGEMENT TRUST, et al.,<br><br>              Defendants.<br>_____ | Case No.: 2:10-cv-1679-GMN-PAL<br>Consolidated with<br>Case No.: 2:10-cv-1680-GMN-PAL<br><br><br>**ORDER** |

## **INTRODUCTION**

Before the Court is 820 Management Trust, Lee M. Bass, Sid R. Bass, Sid R. Bass Management Trust, and BSF Partners' (the "Movants") Motion for Withdrawal of Reference to the Bankruptcy Court of the Parties' Adversary Proceedings, Case No. 10-01284-LBR (Case No. 2:10-cv-1679, ECF No. 1). Larry Lattig, in his Capacity As Trustee Of The LLV Creditor Trust Created In Accordance With The Third Amended Chapter 11 Plan Of Reorganization Proposed By Lake At Las Vegas Joint Venture, LLC and LLV-1, LLC ("Plaintiff") filed a Response on September 21, 2010 in the Bankruptcy Court (Case No.

2:10-cv-1679, ECF No. 5). The Movants filed a Reply on October 5, 2010 (Case No. 2:10-cv-1679, ECF No. 4).

Also before the Court is David Cox, John R. Plunkett, Jr., Stephen Shapiro and David Voorhies' (the "Movants")[1] Motion for Withdrawal of Reference to the Bankruptcy Court of the Parties' Adversary Proceedings, Case No. 10-01284-LBR (Case No. 2:10-cv-1680, ECF No. 1). Larry Lattig, in his Capacity As Trustee Of The LLV Creditor Trust Created In Accordance With The Third Amended Chapter 11 Plan Of Reorganization Proposed By Lake At Las Vegas Joint Venture, LLC And LLV-1, LLC ("Plaintiff") filed a Response on September 21, 2010 in the Bankruptcy Court. (Case No. 2:10-cv-1680, ECF No. 4). The Movants filed a Reply on October 5, 2010 (Case No. 2:10-cv-1680, ECF No. 3).

IT IS HEREBY ORDERED that the Movants' Motions for Withdrawal of Reference to the Bankruptcy Court of the Parties' Adversary Proceedings (Case No. 2:10-cv-1679, ECF No. 1 & Case No. 2:10-cv-1680, ECF No. 1) are DENIED.

## **FACTS AND BACKGROUND**

Lake at Las Vegas Joint Venture, LLC, and LLV-1, LLC and their jointly-affiliated debtors (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code, in the District of Nevada, on July 17, 2008. On June 21, 2010, the Debtors filed the Third Amended Chapter 11 Plan Of Reorganization Proposed By Lake At Las Vegas Joint Venture, LLC and LLV-1, LLC (the "Plan"), which was confirmed by Order dated July 1, 2010. Under the provisions of the Plan, a creditors' trust was created and purports to have been assigned the claims asserted in the adversary proceeding filed in bankruptcy court, case no. 10-01284-lbr.

Lake Las Vegas Resort is a 3,592 acre master-planned residential development and

---

[1] Case No. 10-cv-1680-GMN-PAL is consolidated with Case No. 10-cv-1679-GMN-PAL. The arguments made by the Movants in both cases are referenced jointly in this Order.

resort community located approximately 20 miles east of the center of Las Vegas, Nevada. (Motion to Withdraw Reference pg. 9, ECF No. 1). Plaintiffs allege that Movants received a portion of a $470 million dollar distribution of loan proceeds from a $560 million loan made in 2004 from a syndicate of banks led by Credit Suisse. (*Id.*). Plaintiffs assert, among other things, that the loan was a fraudulent conveyance. Movants petition this Court to withdraw the reference to the bankruptcy court and request a jury trial. (*Id.*).

## **DISCUSSION**

**A.  Legal Standard**

District courts have original jurisdiction of "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Section 157(d) provides for two ways that a reference may be withdrawn from a bankruptcy proceeding, one mandatory and one permissive. The statute states:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). The Movants cite to the permissive withdrawal as grounds for granting their motion.

Section 157(d) allows permissive withdrawal "for cause shown," but does not provide guidance as to what is necessary to show cause. Accordingly, courts have identified a variety of factors that may be considered, including: (1) efficient use of judicial resources, (2) delay and costs to parties, (3) uniformity of bankruptcy administration, (4) prevention of forum shopping, and other related factors. *Security Farms v. International Broth. of Teamsters,*

*Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997) (*citing In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2nd Cir. 1993)).  Other factors that could be relevant are whether the issues are core or non-core proceedings, and the right to a jury trial.  *See, e.g.*, *In re Coe-Truman Technologies, Inc.*, 214 B.R. 183, 187 (N.D. Ill. 1997) ("As a non-core proceeding, the bankruptcy court's decision will be subject to de novo review in this Court .... We find, therefore, that it is a more efficient use of judicial resources for this Court to decide this case in the first instance.") (citation omitted); *Ellenberg v. Bouldin*, 125 B.R. 851, 856 (N.D. Ga. 1991) (withdrawing reference in fraudulent transfer action because defendant had right to jury trial).  As this is permissive withdrawal, it is within the Court's discretion to grant or deny a motion to withdraw.

**B.     Analysis**

The Movants request to withdraw the reference because they seek a jury trial, have a right to a jury trial and will not consent to a jury trial before the bankruptcy court.  In order for the bankruptcy court to conduct a jury trial, it must have the consent of the parties.  28 U.S.C. § 157(e); *In re Cinematronics, Inc.*, 916 F.2d 1444, 1451 (9th Cir. 1990) ("where a jury trial is required and the parties refuse to consent to bankruptcy jurisdiction, withdrawal of the case to the district court is appropriate.").  The Supreme Court has held that a person who has not submitted a claim against a bankruptcy estate has a right to a jury trial when sued by a trustee in bankruptcy to recover an allegedly fraudulent monetary transfer. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S. Ct. 2792 (1989).

The Movants' main argument for withdrawing the reference is that they are entitled to a jury trial because they did not participate in the Debtors' bankruptcy case and did not file a proof of claim against any of the Debtors.  (*See* Motion to Withdraw Reference pg. 9). As held by the Supreme Court, the Movants are entitled to a jury trial even though a fraudulent conveyance action is listed as a "core proceeding" under section 157(b)(2)(H).

*Granfinanciera*, 492 U.S. at 34 ("The Seventh Amendment entitles petitioners to their requested jury trial notwithstanding § 157(b)(2)(H)'s designation of fraudulent conveyance actions as "core proceedings" which non-Article III bankruptcy judges may adjudicate."). The Movants argue that the right to a jury trial and refusal to consent to Bankruptcy Court for a jury trial satisfy the requirement of showing good cause to withdraw the reference to the bankruptcy court.

Movants also argue that the reference should be withdrawn because it is a complex case that will likely require significant discovery, numerous witnesses, and a lengthy jury trial. They argue that there are several non core causes of action that would be subject to *de novo* review in this Court if tried in bankruptcy court. *See, e.g.*, *Security Farms*, 124 F.3d 999, 1008 (9th Cir. 1997). If both courts have to learn the details of a complicated case it would not be an efficient use of judicial resources.

Plaintiffs argue against the withdrawal reference asserting that since the adversary proceeding alleges fraudulent transfers and preferences, both core matters defined under 11 U.S.C. § 157(b)(2)(F), (H), that the bankruptcy court is best equipped to handle the controversy. The bankruptcy court is familiar with the underlying facts of the action, having presided over the main bankruptcy case. Furthermore, the bankruptcy court has expertise to handle issues of pretrial matters that occur in bankruptcy cases. Therefore, Plaintiffs argue that the withdrawal of the reference is inappropriate at this time because allowing the bankruptcy court to retain jurisdiction over the action until all the pretrial issues are resolved and the case is ready for trial, ensures the best use of our bankruptcy court system's resources and expertise. *See In re Healthcentral.com*, 504 F.3d at 788. This Court agrees.

Courts acknowledge the relevance of a party's right to a jury trial in district court when deciding whether to withdraw the reference to the bankruptcy court; however, courts have denied a party's request for immediate withdrawal of reference where the basis of the request

is a party's entitlement to a jury trial as is the reason in this action. *See, e.g.*, *Barlow & Peek, Inc. v. Manke Truck Lines, Inc.*, 163 B.R. 177, 179 (D. Nev. 1993) ("The filing of a jury demand in a non core proceeding which is related to a bankruptcy case should not result in the District Judge on a knee jerk basis withdrawing the order of reference."); *In re Apponline.Com., Inc.*, 303 B.R. 723, 727 (E.D.N.Y.2004) ("A rule that would require a district court to withdraw a reference simply because a party is entitled to a jury trial, regardless of how far along toward trial a case may be, runs counter to the policy favoring judicial economy that underlies the statutory scheme." (*quoting In re Kenai Corp.*, 136 B.R. 59, 61 (S.D.N.Y.1992))); *In re Commercial Financial Services, Inc.*, 239 B.R. 586, 597 (Bankr.N.D.Okla.1999) (same); *In re Hardesty*, 190 B.R. 653, 656 (D.Kan.1995) ("Even if a jury trial may constitute cause for withdrawal, the district court may decline to withdraw the reference until the case is ready for trial.").

"A valid right to a Seventh Amendment jury trial in the district court does not mean the bankruptcy court must instantly give up jurisdiction and that the action must be transferred to the district court. Instead . . . the bankruptcy court may retain jurisdiction over the action for pretrial matters." *In re Healthcentral.com*, 504 F.3d 775, 788 (9th Cir. 2007). The court in *In re Healthcentral.com* explained why a bankruptcy court should retain jurisdiction over pretrial matters. First, allowing the bankruptcy court to retain jurisdiction does not abridge a party's Seventh Amendment right to a jury trial. *Id.* at 787. "Second, requiring that an action be immediately transferred to district court simply because of a jury trial right would run counter to our bankruptcy system." *Id.* The current system "promotes judicial economy and efficiency by making use of the bankruptcy court's unique knowledge of Title 11 and familiarity with the actions before them." *Id.* at 787–88.

The Court will not withdraw the reference at this time. Although the right to the jury trial does weigh in favor of withdrawing the reference, the remaining factors favor a denial.

The main causes of action alleged in the adversary proceeding are fraudulent conveyance and avoidance and recovery of preferential transfers which are core bankruptcy matters best dealt with by the bankruptcy court. Allowing the Bankruptcy Judge to handle the pretrial matters will ensure uniformity in the bankruptcy process. Finally, judicial economy and efficiency is promoted by permitting the bankruptcy court to preside over the pretrial matters because of the "bankruptcy court's unique knowledge of Title 11 and familiarity with the actions before them." *Id.* at 788. Accordingly, Movants' Motion to Withdraw the Reference to the Bankruptcy Court is **DENIED**.

## CONCLUSION

**IT IS HEREBY ORDERED** that 820 Management Trust, Lee M. Bass, Sid R. Bass, Sid R. Bass Management Trust and BSF Partners, David Cox, John R. Plunkett, Jr., Stephen Shapiro and David Voorhies' (the "Movants") Motion for Withdrawal of Reference to the Bankruptcy Court of the Parties' Adversary Proceedings, Case No. 10-01284-LBR (Case No. 2:10-cv-1679, ECF No. 1 & Case No. 2:10-cv-1680, ECF No. 1) is **DENIED without prejudice** to be reasserted at the appropriate time before trial.

DATED this 31st day of March, 2011.

_____
Gloria M. Navarro
United States District Judge